**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD WILLIAM MCDANIEL,** | : | **CIVIL ACTION NO. 1:24-CV-1237** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **RURAL KING HOLDINGS, LLP d/b/a RURAL KING and RK ADMINISTRATIVE SERVICES, LLC d/b/a RURAL KING,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the court is defendants' Rural King Holdings, LLP d/b/a Rural King and RK Administrative Services, LLC d/b/a Rural King's (collectively "Rural King") motion *in limine* (Doc. 49) to limit evidence of back pay damages. Plaintiff Richard McDaniel opposes the motion. (Doc. 51). The motion has been briefed (Docs. 50; 51) and is ripe for disposition. For the reasons set forth below, Rural King's motion *in limine* shall be denied.

## I. Factual Background & Procedural History

McDaniel worked for Rural King for just over one year before Rural King terminated his employment on February 1, 2024. (Doc. 11 ¶ 13). Following his discharge, he brought claims alleging violations of Pennsylvania's Medical Marijuana Act, wrongful termination, and wrongful discharge. (Id.). During his employment at Rural King, he earned approximately $680.00 per week. (Doc. 49. ¶ 2). McDaniel found employment at Wendy's, earning approximately $660.00 per week beginning

around February 21, 2024. (Id. ¶¶ 3-4). He worked at Wendy's from February 2024 to January 2025. (Id. ¶¶ 3-4). At his deposition, he explained he left because Wendy's was not a good fit for him. (Id. ¶ 7). In January 2025, he began working at Pizza Hut, where he earned approximately $300.00 per week. (Id. ¶ 6).

## II. Legal Standard

The district court is given "wide latitude in deciding what should be allowed into evidence." United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988) (citing Compliant of Bankers Trust Co., 752 F.2d 874, 899-90 (3d. Cir. 1984)). One such method is a motion *in limine*. A motion *in limine* is a pretrial action to narrow evidentiary issues in order to streamline the presentation of evidence at trial and avoid unnecessary interruptions. Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990). However, courts should be cautious in granting a motion *in limine*. Evidence should only be excluded if it is clearly inadmissible on all potential grounds. Holmes v. Am. Home Patient/Lincare, No. 4:21-CV-01683, 2024 WL 1118982, at *1 (M.D. Pa. Mar. 14, 2024) (citing United States v. Ramsey, No. CR 19-268, 2021 WL 4554642, at *2 (E.D. Pa. Oct. 5, 2021)). The movant has the burden of showing the evidence is inadmissible. Id.

## III. Discussion

Rural King argues McDaniel willingly took a lower paying job, thereby failing to mitigate his damages, and any back pay should be limited to the salary he could have earned at the higher paying job. (Doc. 50 at 4-6). McDaniel argues the duty to

mitigate is a factual issue best left for the jury and Rural King has not proved his failure to mitigate as a matter of law. (Doc. 51 at ECF 6-9).

A wrongfully terminated employee is entitled to a remedy that makes him whole. Parks v. Pennsylvania Hum. Rels. Comm'n, 848 A.2d 204, 209 (Pa. Cmwlth. Ct. 2004). He also has a duty to mitigate his damages by seeking alternative employment. Willever v. Sovereign Bank, 42 Pa. D. & C.4th 562, 570 (Pa. Com. Pl. 1998) (citing Starceski v. Westinghouse Electric Corp., 54 F. 3d 1089 (3d Cir. 1995)). The defendant bears the burden of showing the plaintiff failed to mitigate his damages. Id. Whether the plaintiff has met his duty to mitigate his damages is a question of fact. Scott v. Blossburg Borough, No. 4:21-CV-1985-WIA, 2025 WL 679046, at *5 (M.D. Pa. Mar. 3, 2025).

Here, the facts concerning McDaniel's mitigation efforts are not clear enough to grant the motion *in limine*. Rural King points to Holocheck v. Luzern County Head Start, Inc. for the proposition that a plaintiff fails to mitigate damages if he willfully declines all earnings, but McDaniel's case is distinguishable. No. 3:CV-04-2082, 2007 WL 954308, at *15 (M.D. Pa. Mar. 28, 2007). The plaintiff in Holocheck only worked for two or three months in total following her termination and took no action towards securing employment in her field. Id. In the two years since his termination, McDaniel was only out of work for six weeks. (Doc. 49-2 at ECF 2-3). As such, he has not willfully failed to work following his termination.

Additionally, while McDaniel changed employment during those two years, it is not clear from the record whether either job constituted the substantially

equivalent employment to which he is entitled. See, e.g., Holocheck, No. 3:CV-04-2082, 2007 WL 954308, at *13 (citing Booker, 64 F. 3d at 864)). The Third Circuit has held an employee may satisfy his duty to mitigate damages by voluntarily taking a lower-paying job if that job has better working conditions that more closely matches his previous employment conditions. Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 89 (3d Cir. 2009) (quoting NLRB v. Madison Courier, Inc., 472 F.2d 1307, 1320–21 (D.C.Cir.1972)) (finding that a plaintiff need not accept work that is substantially more onerous than her previous employment and thus did not fail to mitigate her damages by voluntarily leaving a higher-paying job for a lower-paying job closer to her home). The question of whether McDaniel was justified in taking the lower-paying position is thus a question for the jury to determine.

Accordingly, Rural King's motion *in limine* is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: October 14, 2026